**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**TODD WELCHES**,
*individually and on behalf of*
*all those similarly situated,*

**JURY TRIAL DEMANDED**

**Plaintiff,**

v.

**WAKEFIELD & ASSOCIATES, LLC**,

**Defendant.**

______________________________/

## CLASS ACTION COMPLAINT

Plaintiff Todd Welches ("Plaintiff"), *individually and on behalf of all those similarly situated*, sues Defendant Wakefield & Associates, LLC ("Defendant"), for violations of the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the FDCPA.

2. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Orange County, Florida.


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

3. Venue of this action is proper in this Court because the cause of action alleged below arose in Orange County, Florida.

## PARTIES

4. Plaintiff is a natural person and a citizen of the State of Florida, residing in Orange County, Florida.

5. Defendant is a limited liability company with its principal place of business located in Fort Morgan, Colorado.

## DEMAND FOR JURY TRIAL

6. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

### Background

7. On a date better known to Defendant, Defendant began attempting to collect a debt from Plaintiff (the "Consumer Debt").

8. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt and Plaintiff (the "Subject Service").

9. The Subject Service was primarily for personal, family, or household purposes.


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

10. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

11. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. As such, Defendant is a “debt collector” within the meaning of 15 U.S.C. § 1692a(6).

**The Unlawful Communications**

14. On or about November 19, 2025, Defendant attempted to collect the Consumer Debt from Plaintiff by sending Plaintiff a collection communication (the “Collection Communication”).

15. A screenshot of the Collection Communication is attached hereto as “Exhibit A.”

16. The Collection Communication was communication in connection with the collection of the Consumer Debt.

17. The Collection Communication was sent from Defendant and delivered to Plaintiff’s cell phone.

18. The Collection Communication advised: “You’ll rcv acct messages from Wakefield & Associates, a Debt Collector # of messages may vary

Msg&DataRatesMayApply Call 866-620-0484 or tap chat.wakeassoc.com to opt-out text STOP" Exhibit A.

19. Upon information and belief, the Collection Communication was sent by Defendant at 7:09 AM in Plaintiff's time zone.

20. The Collection Communication was delivered to Plaintiff at 7:09 AM in Plaintiff's time zone.

## CLASS ALLEGATIONS

21. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons as a class action. Plaintiff seeks to represent the below-defined Class.

### PROPOSED CLASS

22. The **"Class"** consists of [1] all consumers with United States addresses [2] that were sent a collection communication [3] from and/or by Defendant, or someone on Defendant's behalf [4] in an attempt to collect a debt [5] during the twelve (12) months preceding the filing of this Class Action Complaint [6] whereby said collection communication was delivered after 8 o'clock antemeridian and before 9 o'clock post meridian, local time at the consumer's location.

23. Defendant and its employees or agents are excluded from the Class.

24. Plaintiff does not know the number of members in the Class but believes the members of the Class to be in the several thousands, if not more.



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

## NUMEROSITY

25. Upon information and belief, Defendant has sent thousands of debt collection communications to consumers throughout the United States after 8 o'clock antemeridian and before 9 o'clock post meridian. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

26. The exact number and identities of members of the Class are unknown at this time and can be ascertained only through discovery. Identification of each member of the Class is a matter capable of ministerial determination from Defendant's records.

## COMMON QUESTIONS OF LAW AND FACT

27. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: **[1]** Whether Defendant sent a collection communication to Plaintiff and members of the Class in an attempt to collect a debt; **[2]** Whether Defendant is a debt collector; **[3]** Whether Defendant, by and through said collection communications, violated the FDCPA;



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

**[4]** Whether Defendant is liable for damages, and the amount of such damages; and

**[5]** Whether Defendant should be enjoined from such conduct in the future.

28. The common questions in this case are capable of having common answers. If Plaintiff's claims that Defendant routinely sends debt collection communications to consumers that violate the FDCPA are accurate, Plaintiff and members of the Class will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

29. Plaintiff's claims are typical of the claims of the members of the Class, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

30. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## SUPERIORITY

31. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable.



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

While the aggregate damages sustained by members of the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation.

32. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692c(a)(1)**
***(For Plaintiff and the Class)***

33. Plaintiff, individually and on behalf of the Class, incorporates by reference paragraphs 1-32 of this Class Action Complaint as though fully stated herein.


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

34. Section 1692c(a)(1) of the FDCPA prohibits a debt collector, "without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction," to "communicate with a consumer in connection with the collection of any debt . . . at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. ***In the absence of knowledge of circumstances to the contract, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock post meridian, local time at the consumer's location***." 15 U.S.C. § 1692c(a)(1) (emphasis added).

35. As set forth above, Defendant sent an electronic communication to Plaintiff in connection with the collection of the Consumer Debt. *See* Exhibit A. The Collection Communication was sent to Plaintiff at 7:09 AM in Plaintiff's time zone. Defendant did not have the consent of Plaintiff to communicate with Plaintiff at 7:09 AM. As such, by and through the Collection Communication, Defendant violated § 1692c(a)(1) of the FDCPA.

## PRAYER FOR RELIEF

36. WHEREFORE, Plaintiff, on behalf of themselves and members of the Class, respectfully requests this Court to enter a judgment against Defendant, awarding the following relief:


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

(a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

(b) Statutory damages as provided by 15 U.S.C. §1692k;

(c) An order declaring that Defendant's actions, as set out above, violate 15 U.S.C. § 1692c(a)(1);

(d) An injunction requiring Defendant to comply with 15 U.S.C. § 1692c(a)(1) with respect to the Plaintiff and the Class;

(e) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(f) Any other relief that this Court deems appropriate under the circumstances.

DATED: October 2, 2026

Respectfully Submitted,

/s/ Gerald D. Lane, Jr.

**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street,
Wilton Manors, Florida 33305
Phone: 754-444-7539

*COUNSEL FOR PLAINTIFF*